**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EARL ANTHONY CRAFT, JR.,

     Plaintiff,

v.                                                    Case No. 8:26-cv-1146-JLB-LSG

AGENT SCOTT BOSHEK and
OFFICER ANGEL PAGAN,

     Defendants.
_____/

## ORDER OF DISMISSAL

Earl Anthony Craft, Jr., a Florida prisoner, filed a complaint (Doc. 1) and a motion to proceed i*n forma pauperis*. (Doc. 2). After screening the complaint under 28 U.S.C. § 1915(e)(2), the Court has determined that it must be dismissed for failure to state a claim on which relief may be granted.

### I. Allegations

Mr. Craft alleges that Officer Pagan presented false testimony before Mr. Craft's federal grand jury, and Agent Boshek "allowed" Officer Pagan's false testimony and failed to investigate Mr. Craft's criminal case adequately. (Doc. 1–1 at 1–2). The Indictment was subsequently dismissed. (*Id.* at 2).

## II. Discussion

### A. Res judicata

The doctrine of res judicata bars Mr. Craft's claims. In August 2021, Mr. Craft filed a lawsuit against Agent Boshek, Officer Pagan, and Assistant United States Attorney Carlton Gammons. *See Craft v. Agent Scott Boshek, et al.*, Case No. 8:21-cv-2056-SDM-AAS (M.D. Fla.) (*Craft I*). In *Craft I*, Mr. Craft alleged that the defendants falsely arrested him and maliciously prosecuted him in 2018. *See Craft I*, ECF Nos. 1, 13. The Court dismissed the action for failure to state a claim on which relief could be granted. *Id.*, ECF Nos. 14, 15. Final judgment was entered on January 9, 2024. *Id.*, ECF No. 16.

In December 2023, Mr. Craft again filed a lawsuit against Agent Boshek, Officer Pagan, and Assistant United States Attorney Carlton Gammons. *See Craft v. Agent Scott Boshek, et al.*, Case No. 8:23-cv-2877-MSS-CPT (M.D. Fla.) (*Craft II*). As in *Craft I*, *Craft II* alleged that the defendants falsely arrested him and maliciously prosecuted him in 2018. *See Craft II*, ECF No. 1. On January 30, 2024, the Court dismissed the action with prejudice because the claims were barred by the statute of limitations and failed on the merits, and Mr. Gammons was entitled to prosecutorial immunity. *Id.*, ECF No. 2.

2

"The doctrine of res judicata, or claim preclusion, 'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)).

The decisions in *Craft I* and *Craft II* were rendered by a court of competent jurisdiction.    Final judgments on the merits were issued. Defendants Boshek and Pagan were named as defendants in *Craft I* and *Craft II* and are likewise named as defendants in this action.    Finally, the causes of action here are the same as in *Craft I* and *Craft II*.    Consequently, Mr. Craft's claims against Defendants Boshek and Pagan are precluded under the doctrine of res judicata.

B.    Statute of limitations

Even if Mr. Craft's claims are not barred by res judicata, they are barred by the applicable statute of limitations.    Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). A section 1983 claim accrues—and the statute of limitations begins to run— when "the facts which would support a cause of action are apparent or should

be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation omitted).   A cause of action for false arrest accrues as soon as the arrest occurs.   *Wallace v. Kato*, 549 U.S. 384, 387–388 (2007). And a cause of action for malicious prosecution accrues when the criminal proceedings have resolved in the plaintiff's favor.   *McDonough v. Smith*, 588 U.S. 109, 116 (2019).

Mr. Craft was arrested on April 28, 2018.   (*See Craft II*, ECF No. 2 at 1).   The criminal proceedings were resolved on July 19, 2019, when the charges against him were dismissed.   (*See id.*, ECF. No. 2 at 2).   Mr. Craft did not file the instant complaint until March 2026.   (Doc. 1 at 11).   Thus, his claims are time-barred and must be dismissed.   *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations [of the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment against Mr. Craft, terminate all motions as moot, and close this case.

DONE and ORDERED in Tampa, Florida, on April 24, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE